UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIRGILIO E. RODRIGUEZ TORRUELLA,

Plaintiff,

v.

DEPARTMENT OF THE ARMY, et al.,

Defendants.

Civil Action No.  1:05CV01770 (ESH)
Hon. Ellen Segal Huvelle

## MEMORANDUM OF LAW OF DEFENDANT CITIGROUP GLOBAL MARKETS INC. F/K/A SALOMON SMITH BARNEY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

Defendant Citigroup Global Markets Inc., formerly known as Salomon Smith Barney Inc. ("SSB"),[1] respectfully submits this memorandum of law in support of its motion to dismiss the complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement pursuant to Rule 12(e).

### Preliminary Statement

Plaintiff's vague and unintelligible *pro se* complaint fails to give SSB "fair notice of what the plaintiff's claim is and the grounds upon which it rests," as Rule 8(a) requires. *Swierkiewicz v. Sorema, N.A.* 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotations omitted). Even giving plaintiff every

---

[1]    SSB is named erroneously in the complaint as "Salomon Barney and Smith."

benefit of the doubt, the facts alleged do not describe any actionable conduct by SSB. Accordingly, Plaintiff's claim against SSB should be dismissed or, alternatively, SSB's motion for a more definite statement should be granted.

### Facts

Plaintiff Virgilio E. Rodriguez Torruella ("Rodriguez") brings this *pro se* complaint against SSB and twelve other defendants. Rodriguez appears to allege some sort of property action against defendants, but the legal and factual basis for Rodriguez's claim is entirely lacking from the complaint. Instead, in vague, unintelligible and conclusory fashion, Rodriguez alleges that Defendants "did unlawfully take over possesion of Land formerly called 'FARMSTEAD STAR,' that was hold in title to them" and that Rodriguez's "Great, Great, Great-grandparent MR. VALENTIN TRIOCHE owner of the 'FARMSTEAD STAR,' never sold it neither renting to them." (Cplt. ¶ 1.) Rodriguez asserts that he "has never received the Restitution of Hereditary Worldly Possessions of the 'FARMSTEAD STAR,' and has never been compensated financially by the usufruct for any of this land taking and holds defendants responsible for their illegal land transactions." *(Id.* ¶ 4.)

The Complaint alleges no specific acts by SSB and, indeed, SSB is not referenced other than in the caption, which names "Shearson American Express Corporation and/or Salomon, Barney and Smith."[2] The only possible connection to SSB

---

[2]  SSB is not affiliated with American Express and does not respond on behalf of "Shearson American Express Corporation."

alleged is that "The Municipality of Ponce, Puerto Rico (Star Light Urbanization), Shearson American Express Corporation" is one of several "projects" "built on land formerly known as "'The FARMSTEAD STAR' property." (Cplt. ¶ 3A.)

These allegations do not state a claim.

**Argument**

**I.    The Claim Against SSB Should Be Dismissed**

Under Rule 8(a), which "prescribes the minimum standard for the sufficiency of a complaint," *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003), a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47) (internal quotations omitted). A complaint that fails to provide the defendant with such fair notice "is subject to dismissal pursuant to Rule 8(a)." *Hilska*, 217 F.R.D. at 21.

Furthermore, to avoid dismissal under Rule 12(b)(6), "[t]he complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory." *Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119, 157 (D.D.C. 2004) (internal citation omitted). In deciding a motion under Rule 12(b)(6), the court should accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of plaintiff; the court, however, need not accept as true any inferences drawn by plaintiff "if such inferences are unsupported by the facts set out in the complaint." *Andrx Pharmaceuticals, Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 805 (D.C. Cir. 2001) (citation

Doc #:NY7:62063.3

omitted). "Nor must the Court accept legal conclusions cast in the form of factual allegations." *Id.*

Although a court will read the complaint of a *pro se* plaintiff like Rodriguez liberally, "a *pro se* plaintiff, like any other, must provide notice of his claim." *Hilska*, 217 F.R.D. at 24; *see Price v. Crestar Securities Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999) (noting that "a *pro se* plaintiff must at least meet a minimal standard of pleading in the complaint").

Under these principles, dismissal is appropriate.

Rodriguez's complaint "contains only vague and conclusory claims with no specific facts supporting the allegations." *Hilska*, 217 F.R.D. at 21. Rodriguez appears to allege that SSB and the other defendants somehow unlawfully took possession of "land formerly known as 'The FARMSTEAD STAR' property" that allegedly was owned by Rodriguez's "Great, Great, Great-grandparent." (Cplt. ¶¶ 1.) But, in truth, SSB "cannot discover what claim the complaint is intended to make." *Nicol v. National Sav. & Trust Co.*, 250 F.3d 36, 36 (D.C. Cir. 1957) (per curiam). Rodriguez does not identify the location of land other than referring to it as "FARMSTEAD STAR." (Although the allegations give the impression that the land may be located somewhere in Puerto Rico, Rodriguez does not allege this.) Further, aside from the allegation that his ancestor was the "owner" of "FARMSTEAD STAR," Rodriguez does not allege any facts establishing that he himself has any enforceable interest in the property. He also does not allege how SSB or any of the other defendants acquired the land, and he does not state what was unlawful about SSB's or any of the other defendants' alleged acquisition of the land. Moreover, although SSB is listed in the caption, the body of the

complaint "fails to make any mention of [SSB] or tie any of [Rodriguez's] claims to [SSB]." *Hilska*, 217 F.R.D. at 24.

In short, Rodriguez's allegations fail under both Rule 8(a) and Rule 12(b)(6). The allegations do not state all of the elements of any identifiable claim, do not give SSB "fair notice of the claims against [it]," and do "not allow [SSB] to devise a competent defense." *Hilska*, 217 F.R.D. at 21. Dismissal without prejudice is the appropriate remedy in these circumstances. *See id.* at 24 (dismissing complaint without prejudice where *pro se* plaintiff's complaint "fails to put [defendant] on notice of any claims against her such that she can respond or construct a defense").[3]

## II.    Alternatively, SSB's Rule 12(e) Motion For A More Definite Statement Should Be Granted

"Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to meet the minimum pleading standard set forth in Rule 8(a)." *Hilska*, 217 F.R.D. at 21; *see Swierkiewicz*, 534 U.S. at 514 ("[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)"). "[T]he court will grant relief pursuant to Rule

---

[3]    At some point in this litigation, dismissal with prejudice may be appropriate if Roridguez re-files his complaint in a form that still does not comply with Rule 8. *See Ciralsky v. CIA*, 335 F.3d 661, 670-71 (D.C. Cir. 2004) (noting that dismissal with prejudice may be appropriate in such circumstances); *Nicol*, 250 F.2d at 36 (affirming dismissal with prejudice under Rule 8(a) after district court "twice allowed plaintiffs to amend their complaint" but the Court still "cannot discover what claim the complaint is intended to make").

Doc #:NY7:62063.3

12(e) where the pleading is 'so vague or ambiguous that a party cannot reasonably be required to frame a respons[e].'" *Hilska*, 217 F.R.D. at 22 (citing Rule 12(e)).

Here, if the Court does not dismiss Rodriguez's claim against SSB, it should grant SSB's Rule 12(e) motion. *See id.* at 25 (granting alternative Rule 12(e) relief to certain defendants in action brought by *pro se* plaintiff). At the very least, Rodriguez should be required to allege the location of the land in question, the basis for Rodriguez's apparent claim to ownership rights in this land, how and when SSB allegedly acquired this land, and what about the alleged acquisition by SSB is unlawful. *See id.* at 25-26 (setting forth specific inquiries for *pro se* plaintiff to respond to under Rule 12(e)).[4]

---

[4]    If the Court grants SSB's motion for a more definite statement but Rodriguez fails to comply adequately with the Court's order, dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) would be the appropriate remedy. *See Hilska*, 217 F.R.D. at 26.

## Conclusion

For the foregoing reasons, SSB's motion to dismiss or, alternatively, for a

more definite statement, should be granted.

Dated:    New York, New York
          October 13 , 2005

Respectfully submitted,

By: _____
    Julia L. Tarver (D.C. Bar # NY0029)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, New York   10019-6064
212-373-3000

Attorneys for Defendant
Citigroup Global Markets, Inc.

7